UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBORAH GUNTER, a.k.a. D'Annie Isra El,

    Plaintiff,

        v.

AMERICA'S WHOLESALE LENDER, et al.,

    Defendants.

Civil Action No. 16-991 (JDB)

## MEMORANDUM OPINION

Plaintiff Deborah Gunter, a Maryland resident, filed a pro se complaint on May 25, 2016, alleging various causes of action arising from the mortgage on her Maryland home and a foreclosure proceeding in Maryland state court. Her sprawling 10-count complaint alleges that defendants' handling of the mortgage note and the foreclosure of her property was improper for a variety of reasons. Gunter also filed an application for a temporary restraining order or preliminary injunction. Noticing facial deficiencies in her complaint—such as a jurisdictional statement that "[t]he transactions and events which are the subject matter of this Complaint all occurred within the County of Howard, State of Maryland," Compl. [ECF No. 1] ¶ 11—the Court stayed consideration of Gunter's application and ordered her to file a supplement that addressed venue and jurisdiction. Order, May 25, 2016 [ECF No. 5].

In response to the Court order, Gunter submitted an affidavit of fact purporting to address these issues. Her barely intelligible filing, however, did not assert any connection between this lawsuit and the District of Columbia. Rather, Gunter essentially confirmed the allegations in her complaint that she is a resident of Maryland, the defendants do business in Maryland, the property

1

at issue is in Maryland, and "the transactions and events which are the subject matter of this Complaint all occurred within the Territory of Maryland," Gunter Aff. [ECF No. 6] at 4 (internal quotation marks omitted).  See id. at 3–5; Compl. ¶¶ 1–7.

The defendants, various financial institutions, have responded with memoranda opposing Gunter's motion for an injunction and seeking dismissal of the case on multiple grounds including improper venue and res judicata.[1]  Res judicata, they argue, applies because Gunter brought an identical lawsuit in the District of Maryland just weeks before filing her complaint here.  That court held that it was required to "abstain from entertaining the claims raised in the complaint" and therefore dismissed her complaint.  Ex. 2 to U.S. Bank's Mem. in Opp'n [ECF No. 16-2].

Under Rule 12(b)(3) a case may be dismissed "when venue is 'wrong' or 'improper' in the forum in which it was brought."  Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568, 577 (2013).  When venue is challenged, the court must determine whether the case satisfies the requirements of federal venue laws.  Id.  "It it does, venue is proper; if it does not, venue is improper, and the case must be dismissed," id., or, "if it be in the interest of justice," transferred to any district in which the case could have been brought, 28 U.S.C. § 1406(a).  "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court."  Naartex Consulting Corp v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).  When an objection has been raised, the burden is on the plaintiff to establish that the district she has chosen is a proper venue.  14D Charles Alan Wright et al., Federal Practice and Procedure § 3826 (4th ed. 2013); see Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

---

[1] Defendant U.S. Bank has joined the motion of Mortgage Electronic Registration System.  U.S. Bank's Opp'n [ECF No. 16] at 7 n.2.

Under 28 U.S.C. § 1391(b), venue lies (1) where "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) where "any defendant is subject to the court's personal jurisdiction with respect to such action," so long as venue is unavailable in any other district.  The Court offered Gunter an opportunity at the outset of this case to show how venue was proper in this Court.  Despite this opportunity, Gunter did not claim that any of the defendants do business in the District of Columbia; in fact, she continued to affirmatively argue that defendants do business in Maryland and the events giving rise to this claim occurred in Maryland.  Gunter also had the chance to reply to defendants' venue argument when it was raised in their motions to dismiss.  But she failed to coherently respond to their claim of improper venue.  Gunter has thus plainly failed to meet her burden to establish venue in the face of defendants' objection.

Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962).  But transfer to the District of Maryland is not in the interest of justice here because that court already dismissed a complaint from Gunter that raised the same claims.  The court's reasons for dismissal—Rooker-Feldman abstention, Younger abstention, and the Anti-Injunction Act, 28 U.S.C. § 2283—remain just as apt today.  Because bouncing this case back to Maryland would be futile and inefficient, the Court finds that dismissal rather than transfer is in the interest of justice.

Hence, the complaint will be dismissed for lack of venue and the Court will grant defendants' motions to dismiss.  Plaintiff's motion for injunction and motion for verification of debt will be denied as moot.


/s/
JOHN D. BATES

                United States District Judge

Dated: <u>August 1, 2016</u>